UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| MARK KENNDRICK GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 12-131-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 15, 2013, the Court remanded this action to the Commissioner of Social Security for further administrative proceedings. [Record No. 28] Approximately three months later, Gibson's attorney, Shoshana Pehowic, filed an application for attorneys' fees under the Equal Access to Justice Act ("EAJA") as the "prevailing party." [Record No. 30] The first motion for fees was denied, without prejudice. Thereafter, Pehowic filed an amended motion for attorney fees. [Record No. 32] For the reasons discussed below, the Court will grant the motion for fees, in part.

**I.**

Gibson has requested $2,125.00 for twelve and one-half hours of legal work at an hourly rate of $170.00, together with $445.00 in costs. *Id.* The Commissioner argues that

hourly rate is excessive. [Record No. 33, p. 2] However, she does not object to the request for an award of costs.

### A. Hourly Rate

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States, unless the government's position was substantially justified. The EAJA provides, in relevant part, that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In establishing what constitutes a reasonable attorney's fee, the EAJA provides:

> The amount of fees awarded under 28 U.S.C. § 2412(d) shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Absent cost of living increases or any "special factors," the statutory cap on attorneys' fees is $125.00 per hour. *See, e.g., Caremore, Inc. v. NLRB*, 150 F.3d 628, 631 (6th Cir. 1998).

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court initially determines the prevailing market rate for the kind and

quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts examine standard fees in the relevant community in addressing market rates. *Id.* at 895. And while a plaintiff can request an increase in the statutory rate, the burden is on that party to produce evidence to support an increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898).

In this case, Pehowic has requested an award for twelve and one-half hours at rate of $170.00 per hour. To show that this the prevailing market rate, Pehowic has attached information regarding the rates of attorneys in the Cincinnati, Ohio area. She argues that the United States Census Bureau and the United States Office of Management and Budget ("OMB") consider Covington, Kentucky to fall within the Cincinnati Statistical Metropolitan Area. As a result, Pehowic claims that Cincinnati should be considered part of the relevant community in determining the prevailing market rate. [Record No. 32, p. 6] However, the relevant legal community for fee purposes is the Eastern District of Kentucky.[1] *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("[T]he court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction; thus the 'prevailing market rate' is that rate which lawyers of

---

1  In fact, as the defendant correctly notes, OMB only delineates these areas for statistical purposes. OMB states on its website that they do not take into account any non-statistical uses when making their delineations. *See Metropolitan and Micropolitan*, United States Census Bureau, http://www.census.gov/population/metro/about/ (last visited Nov. 25, 2013). Therefore, its use in determining attorney fees is questionable.

comparable skill and experience can reasonably expect to command within the venue of the court of record[.]"). Several courts have held that information concerning the market rates in Ohio does not establish the prevailing market rate in the Northern Division of the Eastern District of Kentucky. *See Brauntz v. Astrue*, No. 11-102 JBC, 2013 WL 28065, at *1 (E.D. Ky. Jan. 2, 2013); *Tapp v. Astrue*, No. 10-270-GWU, 2011 WL 6934521, at *2 (E.D. Ky. Dec. 30, 2011); *Burkett v. Astrue*, No. 09-53-GWU, 2010 WL 881905, at *2 (E.D. Ky. Mar 8, 2010). In short, the undersigned concludes that the information provided regarding the prevailing market rate in Cincinnati or Ohio is not relevant to this determination.

Pehowic also submits the affidavits of three attorneys in support of her argument that she is entitled to $170.00 per hour. [Record Nos. 32-9, 32-10, 32-11] The "burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise, and reputation." *Blum*, 465 U.S. at 895 n. 11. However, Pehowic admits that she does not have comparable experience to these attorneys. [Record No. 34, p. 2] Nonetheless, she argues that because she has a similar success rate, and because her requested rate is below these attorneys' typical hourly rate, the court should grant her request.

However, Pehowic has not demonstrated that her requested hourly rate is in line with similar services in the area. As noted, the rates reflected in the attorney affidavits are not comparable to Pehowic in experience. Without more, this information is not relevant in determining the hourly rate in this case. Notably, Pehowic has presented no evidence

-4-

regarding the prevailing market rate for the Northern Division of Eastern District of Kentucky or of lawyers comparable to her experience. Her arguments regarding the market rate for Cincinnati are without merit.

This Court has previously awarded fees in similar cases at a rate of $125.00 per hour, noting that most – if not all – Judges in the Eastern District of Kentucky recognize that amount as the prevailing market rate. *See Rosentiel v. Comm'r of Soc. Sec.*, No. 08-231-DCR 2009 WL 3061996, at *2 (E.D. Ky. Sept. 22, 2009); *see also Kalar v. Astrue*, No. 10-428-JBC, 2012 WL 2873815, at *1-2 (E.D. Ky. July 13, 2012); *Page v. Astrue*, No. 09-210-GWU, 2011 WL 2560265, at *2 (E.D. Ky. June 28, 2011); *Cole v. Astrue*, No. 09-185-KSF, 2010 WL 715832, at *2 (E.D. Ky. Feb. 24, 2010). Because Pehowic has not established that the prevailing market rate for attorneys handling social security cases in the Northern Division of the Eastern District of Kentucky is above $125.00, the issue of increases in the cost of living need not be answered. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

Finally, the Court notes that Pehowic's reliance on the Consumer Price Index ("CPI") in arguing for an increase above the $125.00 rate is misplaced. She argues that a calculation based on the CPI supports her motion for a hourly rate of $170.00. [Record No. 32, p. 6] However, merely providing statistical evidence demonstrating the rate of inflation does not satisfy her burden that an increased hourly rate is justified. *Bryant*, 578 F.3d at 450 (where the plaintiff claimed that the rate of inflation supported a fee increase, the Sixth Circuit held that "is not enough, and the district court did not abuse its discretion in denying Plaintiff's request"). Here,

Pehowic has not provided any pertinent evidence demonstrating the prevailing market rate or any evidence in addition to the CPI showing an increase in hourly fees is justified. Additionally, she has not presented evidence demonstrating the need for a fee increase because of any special factors, like a limited availability of qualified attorneys. 28 U.S.C. § 2412(d)(2)(A). Pehowic has not satisfied her burden demonstrating that the fees should be increased for this matter. Therefore, she will be limited to recovering the statutory fee of $125.00 per hour for her work.

**B.     Number of Hours**

Pehowic alleges that she spent twelve and one-half hours between June 2012 and October 2013 representing the Plaintiff. In *Hensley*, the Supreme Court directed district courts to exclude from the initial fee calculation "hours that were not 'reasonably expended.'" 461 U.S. at 434. The Court further noted that attorneys are required to exercise "billing judgment." *Id*. Thus, counsel should not bill for tasks that are "excessive, redundant, or otherwise unnecessary." *Id*.

Pehowic is attempting to bill time for one-half hour which represents drafting a second motion for an extension of time. [Record No. 32, p. 11] This motion was filed on the last day of the due date for Plaintiff's Motion for Summary Judgment. [Record No. 17] The Court required her to provide documentation explaining why this motion was necessary. [Record No. 18] On January 7, 2013, Pehowic responded to the Court's Order, five days after the filing deadline that she had requested in the second motion for additional time. [Record No. 19] The Court found these dilatory actions "wholly unacceptable." In fact, counsel's actions nearly resulted in a contempt citation. [Record No. 21, p. 2] Surprisingly, Pehowic now attempts to recover for time spent preparing a motion that led to a show cause hearing.

A Court may properly reduce the amount of fees awarded, or even deny the award, if the prevailing party engages in conduct that unreasonably protracted the final resolution of the matter. *See* 28 U.S.C. § 2412(d)(1)(C). This Court will not award fees for this behavior and encourage dilatory actions. Therefore, the time expended for drafting the second motion for an extension of time will be disregarded. Compensation for the amount of time expended will be reduced to twelve hours.

## II.

Gibson will be awarded fees as the prevailing party under the Equal Access to Justice Act at a rate of $125.00 per hours for twelve hours of work. Likewise costs will be awarded under the act. The request for additional fees will be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Mark Kenndrick Gibson's motion for fees and costs [Record No. 32] is **GRANTED**, in part, and **DENIED**, in part.

2. Plaintiff Mark Kenndrick Gibson is awarded fees in the amount of $1,500.00, together with costs in the amount of $445.00 in costs, in accordance with the Equal Access to Justice Act.

This 26th day of November, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge